UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

August 23, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Angela W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-1763-BAH

Dear Counsel:

On June 14, 2023, pursuant to Local Rule 105.10, Plaintiff Angela W. ("Plaintiff") filed a Motion to Reconsider ("Motion") the Court's June 2, 2023 Memorandum Opinion and Order ("June 2, 2023 Opinion") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case. ECF 18. Defendant filed a response to Plaintiff's Motion on June 26, 2023. ECF 19. For the reasons discussed below, I will GRANT Plaintiff's Motion.

When adjudicating a motion for reconsideration under Local Rule 105.10, the Court uses a standard similar to that under Federal Rule of Civil Procedure 59(e). *Crocetti v. Comm'r, Soc. Sec. Admin.,* No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (citing *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001)). Under Rule 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through— rightly or wrongly.'" *Crocetti*, 2018 WL 3973074, at *1 (internal quotation marks omitted) (quoting *Potter*, 199 F.R.D. at 552).

Plaintiff argues that reconsideration is warranted because the Court's June 2, 2023 Opinion "contains manifest errors of both law and fact." ECF 18, at 2. More specifically, Plaintiff contends that the Court did not resolve two issues raised in her initial dispositive filing. First, Plaintiff contends that the Court contravened the Fourth Circuit's holding in *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020), by determining that the ALJ's reliance upon "objective findings which were supportive of the limiting effects of Plaintiff's fibromyalgia" was appropriate. ECF 18, at 4 (citing ECF 16, at 6). Second, Plaintiff argues that the Court erroneously determined, despite ample evidence of record, that Plaintiff failed to identify sufficient evidence to require the ALJ to evaluate her fibromyalgia under a listed disorder (a "Listing") in the Listing of Impairments (the "Listings") at 20 C.F.R. Part 404, Subpart P, Appendix 1.[1] *Id.* at 12–22. Defendant counters

---

[1] At step three, an ALJ determines whether a claimant's impairments are severe enough to meet or medically equal a particular Listing. *See* 20 C.F.R. § 404.1525; *see also id.* § 404.1526(a) (noting

that reconsideration is improper because "the ALJ's analysis in this case complied with the governing regulations and the applicable caselaw," and because Plaintiff "has not shown that the Court 'patently misunderstood' the issues or committed an 'error . . . of apprehension.'" ECF 20, at 3 (citations omitted).

The Court begins its analysis with Plaintiff's second argument, which it finds dispositive. In her motion for summary judgment, Plaintiff argued that the ALJ erred at step three by failing to determine whether her severe fibromyalgia was equivalent to Listing 14.02A, which pertains to systemic lupus erythematosus.[2] ECF 12-2, at 15–16. In its June 2, 2023 Opinion, the Court determined that Plaintiff's step-three argument was unavailing because Plaintiff "fail[ed] to fully explain how any [listed] disorders are medically equivalent to her fibromyalgia." ECF 16, at 5. Although the Court did not explicitly address the applicability of Listing 14.02A, the Court noted that "some of" the Listing characteristics identified by Plaintiff "appear to be consistent with Plaintiff's medical history." *Id*. In her instant Motion, Plaintiff avers that, contrary to the Court's determination, she provided sufficient evidence to require the ALJ to evaluate her fibromyalgia pursuant to Listing 14.02A. ECF 18, at 13–14.

As explained in the June 2, 2023 Opinion, "the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999); *see also Angela C. v. Kijakazi*, No. TJS-21-0349, 2022 WL 601098, at *2 (D. Md. Mar. 1, 2022) ("An ALJ is not required to discuss every possible listing that might apply to a claimant, but if the 'medical record includes a fair amount of evidence' that a claimant's impairment [equals] a listing, the ALJ must discuss the relevant listing and provide a coherent explanation regarding whether the claimant's impairments . . . equal it." (quoting *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013))). Ultimately, the burden of proof is on the claimant to show that she satisfies *all* of a given Listing's criteria. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Relevant to this case, Listing 14.02A requires the "[i]nvolvement of two or more organs/body systems," with: (1) "[o]ne of the organs/body systems involved to at least a moderate level of severity"; and (2) "[a]t least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.02.

---

that an impairment "is medically equivalent to a listed impairment in appendix 1 if it is at least equal in severity and duration to the criteria of any listed impairment."). Relevant to this case, Social Security Ruling ("SSR") 12-2p directs an ALJ to "determine whether [fibromyalgia] medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." SSR 12-2p, 2012 WL 3104869, at *6 (S.S.A. July 25, 2012); *see also id.* (noting that fibromyalgia cannot "meet a listing in appendix 1 because [it] is not a listed impairment.").

[2] Plaintiff also argued in her motion for summary judgment that other Listings are medically equivalent to her fibromyalgia. ECF 12-2, at 16. However, Plaintiff's argument here only concerns Listing 14.02. As such, the Court confines its analysis to this Listing.

*Angela W. v. Kijakazi*
Civil No. 22-1763-BAH
August 23, 2023
Page 3

As alluded to in the June 2, 2023 Opinion, Plaintiff easily satisfies several of Listing 14.02A's criteria. The Court agrees with Plaintiff that "the record confirms involvement of Plaintiff's musculoskeletal" system to at least a moderate level of severity, as the ALJ noted that Plaintiff's fibromyalgia caused, among other issues, "leg pain" that "made walking difficult." ECF 18, at 20; Tr. 996; *see also* Tr. 441 (noting that Plaintiff's pain "has a musculoskeletal component"). Plaintiff also persuasively argues that the record reflects at least two "constitutional symptoms or signs" (namely, fatigue and malaise), which both appear to be related to her fibromyalgia. ECF 18, at 21; *see, e.g.*, Tr. 406 (noting that Plaintiff was "unable to get up for a while" after a fibromyalgia "flareup"); Tr. 440 (noting that Plaintiff is "[p]ositive for fatigue" and "weakness"); Tr. 459 (noting that Plaintiff "[c]omplains of fatigue, malaise").

As noted above, Plaintiff must satisfy one additional criterion under Listing 14.02A—the "[i]nvolvement of" one more body system or organ. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.02. In her motion for summary judgment, Plaintiff argued that evidence of the involvement of her mental body system exists because: (1) "[t]he PGQ 9 screening tool indicates that [Plaintiff] is suffering with moderate depression" and (2) Plaintiff has been diagnosed with "Major Depressive Disorder, Recurrent episode, Moderate." ECF 12-2, at 16 (citing Tr. 718, 671, 734, 935). Plaintiff reproduces this argument in the instant Motion. ECF 18, at 14. To be sure, the ALJ recognized that Plaintiff suffered from non-severe major depressive disorder. Tr. 993. But crucially, neither Plaintiff's motion for summary judgment nor the instant Motion explains how Plaintiff's fibromyalgia *involves* the mental body system issue she identifies—namely, depression.

Nevertheless, Plaintiff's argument is salvaged by a citation provided in her motion for summary judgment. There, Plaintiff cites an October 19, 2018 follow-up treatment record prepared by Dr. April Cross. ECF 12-2, at 16 (citing Tr. 718). Plaintiff cites this treatment record merely to substantiate that her moderate depression was "document[ed]," *id.*, but the treatment record also indicates that Plaintiff "reports mild anxiety and moderate depression associated with her overall pain and functionality." Tr. 718. As such, the treatment record permits an inference that Plaintiff's fibromyalgia "involve[s]" a second body system as required under Listing 14.02A. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.02.

This Court has recognized that reconsideration is appropriate where the Court commits "an error not of reasoning but of apprehension." *Solomon v. Dawson*, No. PWG-13-1953, 2013 WL 4747987, at *1 (D. Md. Sept. 3, 2013). Accordingly, and having reassessed the record after the filing of the instant Motion, the Court determines that Plaintiff has put forth "a fair amount of evidence" that her fibromyalgia equals Listing 14.02A. *Radford*, 734 F.3d at 294. Accordingly, the Court will remand Plaintiff's case so that the ALJ can "discuss the relevant listing and provide a coherent explanation," in light of the evidence set forth by Plaintiff, "regarding whether [Plaintiff's] impairment[] . . . equal[s]" this Listing. *Angela C.*, 2022 WL 601098, at *2 (citing *Radford*, 734 F.3d at 294). If the ALJ determines on remand that the evidence "reasonably support[s] a finding" that Plaintiff's fibromyalgia equals Listing 14.02A, then the ALJ should obtain testimony from a medical expert ("ME") which "support[s] the medical equivalence finding." Social Security Ruling ("SSR") 17-2p, 2017 WL 3928306, at *3, *4 (Mar. 27, 2017); *see also* HALLEX I-2-6-70, 1993 WL 751901 (last updated June 16, 2016) ("An ALJ must obtain

ME testimony specific to the issue of medical equivalence if he or she intends to find that the claimant equals the requirements of a listing.").

Having determined that remand is warranted with respect to Plaintiff's step-three argument, the Court turns to Plaintiff's remaining argument—that the Court failed to properly address the ALJ's erroneous evaluation of Plaintiff's subjective fibromyalgia complaints. ECF 18, at 4–12. The Court agrees with Plaintiff that *Arakas* prohibits an ALJ from "rely[ing] on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia" because "[o]bjective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease." *Arakas*, 983 F.3d at 97. Because these objective indicators have no relevance to fibromyalgia, the Court also agrees with Plaintiff that "spinal imaging," "unremarkable" findings, and a "full range of motion, reflexes, and intact sensation" are all irrelevant to fibromyalgia. ECF 18, at 3–5 (citing ECF 16, at 6).

The Court acknowledges that the June 2, 2023 Opinion imprecisely cited to objective findings—and the ALJ's citations to those findings—about Plaintiff's degenerative disc disease when discussing how the ALJ evaluated Plaintiff's fibromyalgia symptoms. *See* ECF 16, at 6. But the Court is unpersuaded that the ALJ's references to these objective findings amounted to a discreditation of Plaintiff's fibromyalgia symptoms.[3] Notably, the objective evidence in this case relates not only to fibromyalgia, but also to obesity and degenerative disc disease. Tr. 992–1000. Accordingly, the ALJ evaluated evidence concerning "strength and sensation," "lumbar imaging," "normal sensation, motor function, station, reflexes, and range of motion," "antalgic" gait, and "spinal imaging." Tr. 996–97. As Plaintiff acknowledges, spine impairments, unlike fibromyalgia, produce objective evidence of their existence. ECF 18, at 5. And a careful reading of the ALJ's decision fails to reveal that the ALJ used these objective findings to discount (or suggest they were related to) Plaintiff's fibromyalgia.

In addition, a careful review of the ALJ's decision makes clear that when the ALJ *did* explicitly discuss Plaintiff's fibromyalgia complaints, the ALJ did not discount the intensity or limiting effects of those complaints. *See* Tr. 996 ("The claimant testified that she stopped working due to her fibromyalgia, indicating that she experienced episodes of shakiness and leg weakness."); *id.* ("She reported having body aches and feeling like she wanted to stay in bed."). Plaintiff was, of course, "entitled to rely exclusively on subjective evidence to prove" that her symptoms were "so continuous and/or so severe that [they] prevent[ed her] from working a full eight hour day." *Arakas*, 983 F.3d at 96 (brackets in original). But, as the ALJ noted, Plaintiff's own fibromyalgia

---

[3] Plaintiff avers that "[t]he ALJ specifically discounted Plaintiff's statements regarding her fibromyalgia symptomology because, 'Her examination was unremarkable.'" ECF 18, at 4 n.1 (citing Tr. 998). To the contrary, the ALJ appears to have simply noted that physical examinations conducted during appointments for fibromyalgia flares, as well as during primary care appointments, demonstrated "unremarkable" findings with respect to Plaintiff's vital signs and major body systems. Tr. 998 (citing Exs. 17F, 21F).

*Angela W. v. Kijakazi*
Civil No. 22-1763-BAH
August 23, 2023
Page 5

complaints were not uniformly suggestive of this level of severity. *See* Tr. 997 ("She was diagnosed with fibromyalgia. She received transforaminal epidural steroid injections and endorsed pain reduction."); Tr. 998 (noting that Plaintiff "rarely endorsed cognitive complaints" despite her fibromyalgia diagnosis).

Given this, the Court disagrees with Plaintiff that this additional issue also warrants reconsideration.[4] The step-three issue addressed above, if outcome-determinative on remand, may render the argument regarding Plaintiff's subjective complaints moot. But, if the ALJ determines that Plaintiff's fibromyalgia does not medically equal Listing 14.02A and therefore proceeds to conduct an RFC evaluation, the ALJ may wish to more explicitly compartmentalize their evaluation of Plaintiff's obesity and degenerative disc disease from their evaluation of Plaintiff's fibromyalgia. In so doing, the ALJ should remain mindful that they "may not discredit" Plaintiff's "subjective complaints regarding fibromyalgia symptoms based on a lack of objective evidence substantiating them." *Arakas*, 983 F.3d at 97.

Because Plaintiff persuasively argues that reconsideration of the Court's June 2, 2023 Opinion is warranted, Plaintiff's Motion to Reconsider, ECF 18, is GRANTED, and the Court's June 2, 2023 Order, ECF 17, is VACATED. The SSA's judgment is REVERSED due to inadequate analysis and REMANDED[5] to the SSA pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[4] The Court also disagrees that the June 2, 2023 Opinion "reasons that the ALJ's reliance on objective evidence was proper under *Arakas* because the ALJ also considered other categories of non-objective evidence." ECF 18, at 7 (citing ECF 16, at 8). When the Court noted that the ALJ based their conclusion regarding Plaintiff's subjective complaints "on objective medical evidence in the record as well as Plaintiff's own statements, including qualifying statements regarding the extent to which she can perform activities of daily living," it meant that the ALJ used objective evidence related to Plaintiff's impairments that *do* produce objective evidence. ECF 16, at 8. Additionally, *Arakas* itself acknowledges that "[i]n evaluating the intensity, persistence, and limiting effects of a claimant's symptoms," including fibromyalgia symptoms, "ALJs may consider the claimant's daily activities." *Arakas*, 983 F.3d at 99 (citing 20 C.F.R § 404.1529(c)(3)(i)).

[5] In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.